UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
FREDERICK P. KUNZMANN AND          :     INDEX NO.: 08-CIV-5579 (PKL)
VLADIA KUNZMANN,                   :
                                   :
           Plaintiffs,             :
                                   :
     -against-                     :     **ANSWER AND COUNTERCLAIM OF**
                                   :     **DEFENDANT, RENATO STARCIC**
                                   :
RENATO STARCIC,                    :
                                   :
           Defendant.              :
--------------------------------------------------------

Defendant, **RENATO STARCIC**, in answer to the Plaintiffs' complaint and by way of counterclaim alleges upon information and belief, as follows:

1.   Admits the allegations as contained in Paragraphs 1 through 11 of the Complaint except denies that the "Contract" was entered into on March 10, 2008.

2.   Neither admits or denies the allegations of Paragraph 12 or 13 of the Complaint but refers the content, meanings and interpretation of the terms of the "Contract" to the Court.

3.   Admits the allegations of Paragraph 14 of the Complaint.

4.   Admits the allegations of Paragraph 15 of the Complaint.

5.   As to Paragraph 16 of the Complaint, the Defendant admits that a commitment for financing in the amount of Three Million Two Hundred Fifty Thousand ($3,250,000.00) Dollars was issued by Emigrant Funding Corporation on April 10, 2008 but denies each and every other allegation of Paragraph 16 of the Complaint.

6. Defendant neither admits nor denies the allegations of Paragraph 17 of the Complaint but refers to the interpretation meaning and content of the terms of the "Contract" to the Court.

7. As to Paragraph 18 of the Complaint, the Defendant denies having knowledge or information sufficient to form a belief as to the date upon which Plaintiffs' real estate counsel sent the letter attached to the Complaint as an Exhibit "D" but believes such letter was sent.

8. As to Paragraph 19, the Defendant admits that it did not remit the balance of the down payment of Three Hundred Seventh Thousand Five Hundred ($317,500.00) Dollars but denies that it received or could be given a due demand therefore and further alleges that said payment never became due pursuant to the terms of the "Contract".

9. Defendant denies each and every allegation contained in Paragraphs 20 and 21 of the Complaint.

10. The Defendant neither admits or denies the allegations of Paragraph 22 of the Complaint and refers the interpretation, meant and content of the terms of the "Contract" to the Court.

11. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

12. Defendant admits the allegations contained in Paragraph 25 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 26 of the Complaint as the Defendant did not breach the "Contract".

14. Defendant denies the allegations contained in Paragraphs 27 and 28 of the Complaint.

15. Defendant neither admits nor denies the allegations contained in Paragraph 30 of the Complaint but refers the interpretation, meant and content of the terms of the "Contract" to the Court.

16. Defendant neither admits nor denies the allegations contained in Paragraph 31 of the Complaint but refers the interpretation, meanings and content of the terms of the "Contract" to the Court.

17. Defendant admits the allegations of Paragraphs 32 and 33 of the Complaint.

18. As to Paragraph 34 of the Complaint, the Defendant admits that a commitment was issued by Emigrant Funding Corporation in the amount of Three Million Two Hundred Fifty Thousand ($3,250,000.00) Dollars and denies each and every other allegation contained in Paragraph 34 of the Complaint.

19. The Defendant neither admits nor denies the allegations of Paragraph 35 of the Complaint but refers the interpretation, meaning, content of the terms of the "Contract" to the Court.

20. The Defendant denies the allegations contained in Paragraphs 36 and 37 of the Complaint.

21. The Defendant denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 38 and 39.

22. The Defendant admits the allegations contained in Paragraph 41 of the Complaint.

23. The Defendant denies the allegations contained in Paragraphs 42, 43, 44 and 45 of the Complaint.

## AFFIRMATIVE DEFENSES

24. The Complaint fails to state a cause of action upon which relief can be granted.

25. That the terms of the Contract annexed to the Complaint provides a complete defense to the Plaintiffs' action.

26. That conditions precedent to the closing of Title and further performance of the Contract of Sale has not been met.

27. That the execution of the Contract of Sale was induced by false and fraudulent misrepresentations known by the Plaintiffs to be false and intended to be relied on and were relied on by the Defendant.

28. That Plaintiff provided information to the appraiser for Emigrant Funding Corporation contrary to representations made to the Defendant. That upon information and belief, the Plaintiffs are not and have not been ready, willing and able to close Title to the premises in accordance with the "Contract".

## AS AND FOR A FIRST COUNTERCLAIM

## JURISDICTION AND VENUE

29. This Court has subject matter jurisdiction predicated upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

30. Venue is proper pursuant to 28 U.S.C. § 1391 (a) (2).

31. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) (2) in that a substantial portion of the events giving rise to the claims asserted herein occurred in this jurisdiction District.

32. Plaintiffs are, and at all relevant times were, citizens of the State of New York and reside at 346 East 51st Street, Apartment 1R, New York, New York 10022.

33. Upon information and belief, Defendant is, and at all relevant times was, a citizen of the State of New Jersey and resides at 243 Morningside Avenue, Cliffside Park, New Jersey 07010.

34. Plaintiffs are, and were at all times, hereinafter mentioned the owners in fee of certain real property located at 346 East 51st Street, New York, New York 10022.

35. On March 7, 2008, Plaintiffs and Defendant entered into a Contract of Sale (the "Contract") for the premises located at 346 East 51st Street, New York, New York 10022 (the "Premises").

36. The Contract of Sale also included provisions in the RIDER to the Contract of Sale (collectively, the "Contract".)  A copy of the Contract is attached hereto as Exhibit "A" to the Complaint.

37. The Purchase Price for the premises is Four Million One Hundred Seventy-Five Thousand ($4,175,000.00) Dollars ("Purchase Price").

38. Pursuant to the "Contract", "the closing of Title….shall take place on the scheduled date and time of closing specified in Schedule "D".  <u>See</u> Section 3 of the Contract attached hereto as Exhibit "A" to the Complaint.

39.     Pursuant to Schedule "D", the closing was scheduled to take place on May 2, 2008 (the "Closing").  See Schedule "D" of the Contract attached as Exhibit "A" to the Complaint.

40.     Pursuant to Paragraph 1 of the RIDER to the Contract of Sale, dated March 10, 2008, but signed March 7, 2008, the Plaintiff had thirty (30) days within which to obtain financing.  The Contract further states that, "in the event Buyer does not obtain financing within said time, then and in such event, Purchaser shall forfeit the sum Fifty Thousand ($50,000.00) Dollars to Sellers with Fifty Thousand ($50,000.00) Dollars being refunded to Purchaser; this Contract shall become null and void and neither party shall have any further liability to the other."

41.     The Defendant did not obtain financing within thirty (30) days of payment of the initial down payment and his signing of the "Contract" which took place on March 3, 2008, within thirty (30) days of the signing of the "Contract" by the Plaintiffs which took place on March 7, 2008 or within thirty (30) days of the date inserted in the "Contract" unilaterally by Plaintiff of March 10, 2008.

42.     By virtue of the above, the Defendant, Renato Starcic, is entitled, pursuant to the terms of the "Contract", to a return of the sum of Fifty Thousand ($50,000.00) Dollars as set forth in Paragraph 1(a) of the RIDER.

43.     The return of said Fifty Thousand ($50,000.00) Dollars has been requested by the Defendant of the Plaintiff and has been refused..  As a direct, proximate and foreseeable result of the Plaintiffs' refusal to return the Fifty Thousand ($50,000.00) Dollars to the Defendant as set forth above, the Defendant has been damaged in the amount of Fifty Thousand ($50,000.00) Dollars exclusive of costs and interests.

## AS AND FOR A SECOND COUNTERCLAIM

44.     Defendant repeats and realleges each and every allegation contained in Paragraphs 27 through 43 of the FIRST COUNTERCLAIM above as if more fully set forth at length herein.

45.     It was the intent of the parties in entering into the Contract and specifically Paragraph 1(a) of the Contract that the financing to be obtained by the Defendant was financing that the Defendant deemed to be acceptable to the Defendant.

46.     The commitment for financing was not only issued by Emigrant Funding Corporation outside the timeframe provided in the "Contract" but was determined by the Defendant not to be acceptable and based thereon the Defendant is entitled to a return of Fifty Thousand ($50,000.00) Dollars as set forth in paragraph 1(a) of the Rider to the Contract of Sale.

## AS AND FOR A THIRD COUNTERCLAIM

47.     Defendant repeats each and every allegation contained in Paragraphs 29 through 46 above as if fully set forth at length herein.

48.     The execution of the "Contract" was the product of fraud and misrepresentation in that the Defendant was advised that the building contained eight (8) rental units.

49.     Nevertheless, the Plaintiffs advised the appraiser from Emigrant Funding Corporation that the premises only had seven (7) rental units and further advised said appraiser that what had been represented to the Defendant to be a separate rental unit on the first floor was in actuality a part of the owner's apartment on the first floor.  At the time these representations were made initially to the Defendant and thereafter to the appraiser, the subject portion of the First Floor was set up and

configured as a separate apartment and had a tenant or tenants residing therein and was being leased and/or rented to a Third Party or Third Parties.

50. The Contract of Sale represents that there were only three (3) current or present leases and three (3) tenants of the building when, in fact, there were other tenants and leases of other apartments and rental units at the premises. Said misrepresentations are specifically set forth in Schedule 1 (D) of the Contract.

51. That contrary to representation made, the Certificate of Occupancy of the premises did not provide for eight (8) rental units, or for that matter, seven (7) rental units at the subject premises as represented by the Plaintiffs in their pre-contract submissions and advertisements.

52. That Paragraph 40.3 of the Contract of Sale sets forth that all tenancies at the premises are set forth in Schedule "D" of the Contract. Said Schedule represents three (3) apartments to the subject of leases and/or tenancies. Such representation was knowingly false and was meant to be relied on by the Defendant in entering into the Contract of Sale.

53. Based upon the above; knowingly, false material representations meant to be relied on by the Defendant and relied on by the Defendant, the Contract of Sale is void and unenforceable and the Defendant is entitled to a return of all monies paid to the Plaintiffs pursuant to the Contract of Sale to wit: One Hundred Thousand ($100,000.00) Dollars.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant demands judgment against the Plaintiffs as follows:

     a.     Dismissal of Plaintiffs' Complaint and all causes of action thereunder.

     b.     On the Defendant's FIRST COUNTERCLAIM, damages in the amount of Fifty Thousand ($50,000.00) Dollars plus costs and interest.

     c.     On the Defendant's Second Counterclaim, damages in the amount of Fifty Thousand ($50,000.00) Dollars plus cost and interests.

     d.     On the Defendant's Third Cause of Action, damages in the amount of One Hundred Thousand ($100,000.00 Dollars plus costs and interests.

     e.     On all causes of action; such other and further relief, as the Court deems just and proper.

Dated: Suffern, New York
       July 16, 2008

                            MARTIN S. FISHMAN, ESQ. (MF 2807)
                            *Attorney for Defendant, Renato Starcic*
                            5 Sunderland Place
                            Suffern, New York 10901
                            (973) 787-3300

## **JURY DEMAND**

        Defendant demands a jury on all issues.

Dated: Suffern, New York
       July 16, 2008

                            MARTIN S. FISHMAN, ESQ (MF 2807)
                            *Attorney for Defendant, Renato Starcic*

TO: **CULLEN AND DYKMAN LLP.**
Attention: Candice B. Lieberman, Esq.
Attorney for Plaintiffs
100 Quentin Roosevelt Boulevard
Garden City, New York 11530

F11725.Answer and Counterclaim.07.16.08

10