UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FREDERICK P. KUNZMANN AND               Index No.: 08-CIV-5579 (PKL)
VLADIA KUNZMANN,

                           Plaintiffs,            **REPLY TO**
                                                                         **COUNTERCLAIMS**
- against -

RENATO STARCIC,

                           Defendant.
-----------------------------------------------------------x

      Plaintiffs Frederick P. Kunzmann and Vladia Kunzmann ("Plaintiffs"), by their attorneys Cullen and Dykman LLP, reply to the counterclaims of Defendant Renato Starcic ("Defendant"), asserted in Defendant's Answer and Counterclaim of Defendant, as follows:

### ANSWERING THE FIRST COUNTERCLAIM

      ONE:    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 29 of the Counterclaim. Plaintiffs refer all questions of law to the Court for determination at the trial of this action.

      TWO:    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 30 of the Counterclaim. Plaintiffs refer all questions of law to the Court for determination at the trial of this action.

      THREE:    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 31 of the Counterclaim. Plaintiffs refer all questions of law to the Court for determination at the trial of this action

      FOUR:    Admits the allegations of Paragraph 32 of the Counterclaim.

      FIVE:    Denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 33 of the Counterclaim but accepts same.

SIX: Admits that Plaintiffs are the owners of real property located at 346 East 51st Street, New York, New York 10022 and except as so admitted, refers all questions of law to the Court for determination at the trial of this action as to the allegations of Paragraph 34 of the Counterclaim.

SEVEN: Admits that Plaintiffs and Defendant executed an agreement known as "list title" (hereinafter after the "Contract"), but denies that the Contract was entered into on March 7, 2008, and refers the document to this Court for its content, context and interpretation.

EIGHT: Admits the allegations of Paragraph 36 of the Counterclaim.

NINE: Admits the allegations of Paragraph 37 of the Counterclaim.

TEN: Admits the allegations of Paragraph 38 of the Counterclaim.

ELEVEN: Admits the allegations of Paragraph 39 of the Counterclaim.

TWELVE: Admits that the Rider to Contract sets forth Defendant's obligations concerning obtaining financing and except as so admitted denies the remaining allegations contained in Paragraph 40, and refers the Contract and Rider to the Court for its content, context and interpretation and refers all questions of law to the Court at the trial of this action.

THIRTEEN: Denies the allegations of Paragraph 41 of the Counterclaim.

FOURTEEN: Denies the allegations of Paragraph 42 of the Counterclaim.

FIFTEEN: Denies the allegations of Paragraph 43 of the Counterclaim.

## ANSWERING THE SECOND COUNTERCLAIM

SIXTEEN: In response to the allegations of Paragraph 44 of the Counterclaim, Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "ONE" through "FIFTEEN" of this Reply to Counterclaims with the same force and effect as if herein set forth at length.

SEVENTEEN: Denies the allegations of Paragraph 45 of the Counterclaim.

EIGHTEEN: Denies the allegations of Paragraph 46 of the Counterclaim.

### ANSWERING THE THIRD COUNTERCLAIM

NINETEEN: In response to the allegations of Paragraph 47 of the Counterclaim, Plaintiffs repeat and reallege each and every allegation contained in Paragraphs "ONE" through "EIGHTEEN" of this Reply to Counterclaims with the same force and effect as if herein set forth at length.

TWENTY: Denies the allegations of Paragraph 48 of the Counterclaim.

TWENTY-ONE: Denies the allegations of Paragraph 49 of the Counterclaim.

TWENTY-TWO: Denies the allegations of Paragraph 50 of the Counterclaim. In the event that Defendant is referring to Schedule D-1 of the Contract, Plaintiffs respectfully refers the Court to that document for its content and context.

TWENTY-THREE: Denies the allegations of Paragraph 51 of the Counterclaim.

TWENTY-FOUR: Denies the allegations of Paragraph 52 of the Counterclaim. In the event that Defendant is referring to paragraph 4.03 of the Contract of Sale and Schedule D-1 of the Contract, Plaintiffs respectfully refers the Court to those documents for their content and context.

TWENTY-FIVE: Denies the allegations of Paragraph 53 of the Counterclaim.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-SIX: Defendant has failed to state a claim or cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-SEVEN: Defendant's claims are barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-EIGHT: Any damages Defendant has incurred were caused by Defendant's own negligence, culpable conduct and/or bad faith.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-NINE: Defendant's claims are barred by the doctrines of waiver, estoppel and laches.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTY: Plaintiffs have a complete defense based upon documentary evidence.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

THIRTY-ONE: Plaintiffs, at all times relevant herein, acted in good faith.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

THIRTY-TWO: Defendant has failed to plead fraud or mistake within the requisite particularity requested by Rule 9(b) of the Federal Rules of Civil Procedures.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

THIRTY-THREE: Defendant breached the Contract at issue permitting Plaintiffs to retain the partial downpayment.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

THIRTY-FOUR: Defendant has not suffered any damages for which relief may be had.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

THIRTY-FIVE:    Defendant is barred by the doctrine of unclean hands.

WHEREFORE, Plaintiffs demand judgment dismissing the counterclaims of the Defendant and for such other and further relief as this Court deems just and proper, together with costs and disbursements of this action.

Dated: Garden City, New York
       August 1, 2008

>                         CULLEN AND DYKMAN LLP
>
>                         By: *[signature]*
>                         Daniel P. Rubel
>                         Attorneys for Plaintiffs
>                         100 Quentin Roosevelt Boulevard
>                         Garden City, New York 11530
>                         (516) 357-3700

To:   Martin S. Fishman, Esq.
      Attorney for Defendant
      5 Sunderland Place
      Suffern, New York 10901
      (973) 787-3300